**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARIO MABANTA,**<br><br>          Plaintiff,<br><br>     v.<br><br>**PRIME NOW, LLC, AMAZON.COM INC.,**<br><br>          Defendants. | Case No.: 20-CV-2813 YGR<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**DKT. NO. 11** |

Plaintiff Mario Mabanta brings the instant action alleging that defendants Prime Now LLC and Amazon.com, Inc. violated various California Labor Code provisions in their treatment of him and other employees who fulfilled delivery orders for them. On February 27, 2020, Plaintiff filed a putative class action complaint against defendants in the Superior Court for the State of California, County of San Francisco. He brings individual and class claims for: (1) unpaid wages in violation of Labor Code sections 201, 202, 204, and Wage Order 9; (2) failure to reimburse business expenses in violation of Labor Code section 2802; (3) failure to pay minimum wage in violation of Labor Code sections 1194, 1194.2, 1197, 218.6, and Wage Order 9; (4) failure to provide rest periods in violation of Labor Code section 226.7 and Wage Order 9; (5) failure to pay for reporting time in violation of Wage Order 9; (6) failure to furnish accurate wage statements in violation of Labor Code sections 226, 1174, and 1174.5; (7) waiting time penalties in violation of Labor Code section 203; and (8) unlawful and unfair business practices in violation of Business & Professions Code section 17200, *et seq.* ("UCL").

Defendants removed this case to the federal court on April 23, 2020 and filed the instant motion to dismiss on April 30, 2020. (Dkt. Nos. 1, 11.)

Having carefully considered the pleadings and the papers submitted in support and in opposition, the Court **DENIES** the motion.

### I. SUMMARY OF ALLEGATIONS

What follows is a summary of the allegations in plaintiff's complaint.

Defendants are in the business of delivering a variety of groceries, household items and other consumer goods from various grocery stores, including Whole Foods, Pet Food Express, Sprouts, Bristol Farms, and other local third-party stores. (Dkt. No. 1-4, Exh. B, Plaintiffs' Complaint ("Compl."), at ¶ 2.) In order to deliver these items to customers, defendants utilize an extensive workforce of individuals who perform the functions of shopping for, purchasing and delivering products from these stores to defendants' customers. (*Id*.) Plaintiffs perform those services by utilizing a mobile application to shop, purchase, and sometimes deliver groceries to the homes and businesses of defendants' customers. (*Id*.)

Defendants hire associates under a "Regular Adjustable Hours" agreement, which requires them to log on to defendants' website and select shifts as they are made available. This arrangement effectively requires associates to report for work remotely two days a week—the days when the open shifts are released—without compensation, often for several hours, in order to sign up for shifts, or else risk discipline or termination for failing to sign up for enough shifts. (Compl. ¶¶ 3, 31, 33, 34.) The number of associates is greater than the available shifts, and all available shifts get taken within a matter of minutes once they are posted online. (*Id*. ¶ 34.) Further, the exact time that new available shifts will be posted is unpredictable such that associates must log in, sometimes waiting for hours, in order to sign up quickly before the available shifts are all taken. (*Id*. ¶ 36.) In addition, plaintiff alleges that defendants failed to provide required rest periods due to unrealistic delivery-time guarantees which required associates to collect and bag items without time for a break and did not provide the additional compensation required by the Labor Code.

Based on these allegations, plaintiff seeks compensation for himself and other associates for (i) unpaid work time spent waiting to select and selecting shifts, which at times resulted in paying them less than the minimum wage; (ii) necessary business expenses including costs associated with accessing the internet remotely, including internet or cell phone data access; (iii) unpaid rest breaks.

//
//

## II. DISCUSSION

Defendants argue that plaintiff's complaint sets forth vague allegations about the experience of employees generally, without any facts about his own personal experience. Indeed, defendants argue that plaintiff has not even alleged whether he still works for defendants. Thus, defendants contend each of the claims must be dismissed.

Defendants do not persuade. In fact, defendants seem to have either intentionally ignored the allegations in the complaint or misconstrued them for tactical advantage.[1] This approach to litigation will not serve defendants well before this Court.

Factual allegations plausibly stating a basis for relief are all that is required. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's complaint plausibly alleges facts suggesting that defendants have acted in violation of California law by creating a system whereby certain California employees are required to perform acts without compensation. While the allegations reference "plaintiffs" collectively, grouping together Mabanta's experience with that of the alleged class members, the complaint also alleges specific facts to support the various Labor Code violation claims. No more detailed allegations are required to state the claim for reimbursement of expenses. *See Saunders v. Ameriprise Fin. Servs., Inc.*, No. CV1810668MWFAFMX, 2019 WL 4344296, at *4 (C.D. Cal. Mar. 19, 2019) (denying motion to dismiss, finding that "detailed list of expenditures" is not required to state claim for reimbursement under Labor Code § 2802). Likewise, no more specific allegations regarding exactly when plaintiff incurred unpaid work hours are required to state his claims for non-payment of wages and those deriving from that non-payment, under California law. *Id.* at *5 (contrasting allegations necessary to plead claim for unpaid wage claims under California Labor Code with more detailed identification of particular calendar weeks and instances of overtime required under federal overtime law); *see also Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (even though more specific workweek allegations required for FLSA claim, declining to require more detailed information since "most (if not all) of the detailed

---

[1] For instance, despite defendants' argument to the contrary, plaintiff does allege that he no longer works for defendants. (Compl. ¶ 57.)

information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants").

Similarly, the Court finds plaintiff's allegations sufficient to state a claim for failure to provide adequate rest breaks as required by Labor Code 226.7. Mabanta alleges that he is an associate and that associates "regularly worked" more than four hours per shift without being permitted to take an uninterrupted rest break. (Compl.¶ 47.) Mabanta is not required to allege greater detail to state the claim. *See Varsam v. Lab. Corp. of Am.*, 120 F. Supp. 3d 1173, 1178 (S.D. Cal. 2015) (allegations that "an employer makes it difficult for employees to take a break or undermines a formal policy of providing meal and rest periods" are sufficient to state a claim under the California Labor Code).

In sum, Mabanta has alleged sufficiently that he and the putative class were not paid for their time or expenses incurred in the process of signing up for shifts, and were not provided adequate rest breaks or compensation for missed breaks, all in a violation of the Labor Code sections alleged. To the extent defendants require greater detail, they may obtain it through a search of their own records or through the discovery process.

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss is **DENIED**. Defendants shall file their answer within 21 days of this Order. The initial case management conference will proceed on the date currently set, August 10, 2020.

This terminates Docket No. 11.

**IT IS SO ORDERED**.

Date: July 2, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**